UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DONALD G. RICHARDSON,**

        **Plaintiff,**        **CIVIL ACTION NO. 12-cv-10131**

  vs.

                              **DISTRICT JUDGE AVERN COHN**

**COMMISSIONER OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Donald Richardson filed this action seeking judicial review of Defendant's decision denying his application for Social Security benefits under 42 U.S.C. § 405(g). (Docket no. 1.) The Court remanded the matter for further administrative proceedings. (Docket no. 24.) Before the Court is Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). (Docket no. 26.) Defendant filed a Response (docket no. 28), and Plaintiff filed a Reply (docket no. 31). Plaintiff's Petition has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A).[1] (Docket no. 30.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation pursuant to Eastern district of Michigan Local Rule 7.1(f)(2).

---

[1] Although referred for a determination under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may not hear and determine a post-judgment motion for fees under 28 U.S.C. § 636(b)(1)(A) because it is not a "pretrial matter" and it is considered "dispositive of a claim." *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir.1993). Therefore, the undersigned will proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).

**I.     RECOMMENDATION:**

The Court recommends that Plaintiff's Petition for attorneys fees under the Equal Access to Justice Act (docket no. 26) be GRANTED and that Plaintiff be awarded $6,416.35 in fees and costs.

The Court further recommends that the Commissioner be ordered to determine, within 14 days of a final order granting this motion, whether Plaintiff owes the Government a pre-existing debt. If no such debt is owed, payment of such fees should be made directly to Plaintiff's attorney. If Plaintiff does owe such a debt, the EAJA fees should be offset by the amount of the debt, and the payment of any remaining fees should be made directly to Plaintiff's attorney.

**II.    REPORT:**

**A.     Procedural History**

Plaintiff filed an Application for Social Security benefits on January 16, 2009, alleging disability beginning on August 10, 2008. (TR 129-35.) Plaintiff's claim was denied by ALJ Peter Dowd, and after the Appeals Council denied his appeal, he filed the instant Complaint. (*See* docket no. 1.) Plaintiff filed a Motion for Summary Judgment, wherein he argued that (1) the ALJ failed to properly evaluate Plaintiff's credibility; (2) the ALJ did not afford proper weight to the medical opinions of record; (3) the ALJ's determination of Plaintiff's physical RFC is improper; (4) the ALJ's mental RFC for Plaintiff did not properly account for limitations in concentration, persistence, pace, or stress; and (5) the ALJ's step-five determination was improper because the VE did not provide DOT numbers or disclose whether her testimony was consistent with the SCO. (*See* docket no. 17.)

The undersigned recommended that the matter "be remanded (1) for a full discussion of the ALJ's reasoning for assigning "very little weight" to Dr. Stoker's opinion; (2) for a discussion of how the ALJ determined Plaintiff's RFC after articulating his reasoning for the weight afforded to

Dr. Stoker's opinion; (3) to include in Plaintiff's RFC a limitation for Plaintiff's moderate, stress-based limitations as determined by the ALJ in Step 3; and (4) to determine whether the VE's testimony is consistent with the DOT." (Docket no. 23 at 24.) The Court adopted the report and recommendation. (Docket no. 24.) Plaintiff's counsel now seeks $7,096.29 in fees under the EAJA.[2] (Docket no. 26.)

### B. Analysis

The EAJA provides that the Court shall award attorney fees and expenses to a prevailing party (other than the United States) in any civil action brought against the United States, unless the position of the government was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The Act also provides that the attorney fees awarded may not be at a rate of more than $125 per hour, unless the Court determines that an increase in the cost of living, or some other special factor, justifies a higher fee. *Id.* § 2412(1)(D)(2)(A).

Plaintiff seeks attorney fees at the rate of $170.00 per hour, law-clerk fees at the rate of $125.00 per hour for one law clerk who possesses a JD, and law-clerk fees at a rate of $100.00 per hour for those law clerks who do not possess a JD.[3] (Docket no. 26 at 4-6.) Plaintiff's counsel

---

[2]Plaintiff's counsel initially sought $7,096.29 for work related to Plaintiff's initial Complaint, Motion, Reply, and Petition for Attorney's Fees. (Docket no. 26.) Plaintiff now seeks an additional $457.26 for 2.48 hours spent on Plaintiff's Reply in support of his Petition for Attorney's Fees. (Docket no. 31 at 5.) The Court, however, recommends not awarding Plaintiff fees for this additional time as Plaintiff's Reply brief was unnecessary. Plaintiff asserted in his Petition that "[i]n the even the Commissioner claims that her position was substantially justified, Plaintiff reserves the right to respond to all arguments in a reply memorandum since 'substantial justification' is the Government's burden of proof in an EAJA application." (Docket no. 26 at 4.) But Defendant did not assert that her position was substantially justified. And Plaintiff adequately set forth his argument with regard to reasonable fees in his Petition.

[3]While Plaintiff requests these rates in his petition (docket no. 26 at 4-6), Plaintiff's ultimate calculation of fees is based on attorney-fee rates of $184.38 and $186.00 (docket no. 26

3

submitted a detailed breakdown of the law firm's work on behalf of Plaintiff showing that the attorneys and law clerks at Plaintiff's law firm worked a total of 60.25 hours on this matter, which is broken down as follows:

- Attorneys: 10.83 hours;
- Law Clerk with a JD: 6.12 hours; and
- Law Clerks without a JD: 43.30 hours.

(Docket no. 26-4 at 2.)

The parties do not dispute that Plaintiff timely filed his Motion For Award of Attorneys fees. *See* 28 U.S.C. § 2412(d)(1)(B). Plaintiff's action was remanded pursuant to sentence four of 42 U.S.C. § 405(g) and Defendant does not dispute that Plaintiff is a prevailing party under 28 U.S.C. 2412. *See Shalala v. Schaefer*, 509 U.S. 292, 300-301 (1993). Moreover, Defendant does not appear to dispute that Plaintiff's position was substantially justified, nor does Defendant appear to object to Plaintiff's attorney's proposed hourly rates.[3] Thus, the issue before the Court is whether the time expended by Plaintiff's attorneys and the law clerks in this matter was reasonable. Additionally, Plaintiff requests that any fees awarded be paid directly to his attorneys; Defendant asserts that such fees should be made payable to Plaintiff.

### 1. The Amount of Fees that Should be Awarded to Plaintiff

Defendant argues that this matter was "overstaffed" because "ten people worked on Plaintiff's case, including six support staff and four attorneys." (Docket no. 28 at 2.) Specifically, Defendant contends that the 40.13 hours spent by law clerk Keri Schaubert should be reduced because "the average number of hours for an attorney to work on a social security case ranges from

---

at 6-7).

[3]The Court also notes that Plaintiff's attorneys have been afforded substantially similar (or higher) rates for similar matters in this Court. (*See* docket no. 26 at 4-6 (citations omitted).)

4

30 to 40 hours." (*Id.* at 3.) Thus, Defendant surmises, Ms. Schaubert must have "lacked experience," and the government should not "bear the cost of her training." (*Id.*) In the alternative, Defendant argues, a portion of the time spent by her supervising attorneys overseeing her work should be reduced "because a portion of that time would be unnecessary" if Ms. Schaubert were more experienced. (*Id.*) Plaintiff asserts that Ms. Schaubert is not an inexperienced law clerk and that the time she spent on this matter was due to the length of the administrative record (974 pages), the length of Defendant's Response Brief (26 pages), and the length of Plaintiff's own briefs (31 total pages). (Docket no. 31 at 2.) Moreover, Plaintiff argues, "it is common practice for a senior attorney in a firm to confer with less experienced attorneys or law clerks." (*Id.* at 3-4.)

The Court agrees with Plaintiff that the review of the administrative record in this matter was a significant undertaking. Moreover, Plaintiff's Motion for Summary Judgment raised numerous legal issues that, while not necessarily novel or complex, were well briefed and clearly articulated. Thus, the Court finds that the 40.13 hours spent by Ms. Schaubert on this matter was not unreasonable on its own. Nevertheless, while it is undoubtedly acceptable for an attorney to supervise a law clerk, it appears that Attorney Frederick J. Daley, Jr., spent 2.5 hours "[r]eview[ing the administrative record], highlighting portions, [and] preparing [a] summary of arguments and theory outline for [Ms. Schaubert]" before she began her work. (Docket no. 26-4 at 1.) Additionally, Attorney Daley spent another 2.41 hours editing, "cutting down" and "revising" Ms. Schaubert's work. (*Id.*) Thus, it appears that at least a portion of Ms. Schaubert's work was unnecessary or excessive. Therefore, the Court recommends reducing the number of hours spent by Ms. Schaubert in this matter by 10% to 36.12 hours. The Court finds that Attorney Daley's time itself was reasonable.

5

With regard to the remaining attorneys and support staff for whom Plaintiff requests fees, the Court finds that some of the work performed by these individuals was duplicative, excessive, or unnecessary. Thus, the Court recommends reducing or disallowing the following:

- On 3/1/2012, Plaintiff's attorneys billed 0.25 hours for Attorney Evan Zagoria to "agree[] to be local counsel." It appears that Attorney Zagoria never actually performed any work on this matter, and ultimately, he was replaced as local counsel by Attorney Randy Phillips. The Court recommends disallowing the time billed for attorney Zagoria.

- From 12/29/2011 through 9/10/2012, law clerk Suzanne Blaz (for whom Plaintiff requests a billing rate of $125.00 per hour) appears to have conducted approximately 6.12 hours of administrative work and filing as well as some legal work. This time included entering notations on the docket such as "Richard Reviewed, case accepted," or "IFP granted, we will not consent to MJ," or "Assign brief to Keri," for which Ms. Blaz entered minimal time entries. While these entries may be part of Plaintiff's attorney's administrative procedures, the government should not pay $125.00 per hour for counsel's administrative notes. The Court recommends reducing Ms. Blaz's time by 10% to 5.51 hours.

Thus, the Court recommends finding that Plaintiff's counsel is entitled to the following fees:

- Attorneys:
    - Zagoria:      $0.00           ($170.00 x 0.00 hours)
    - Phillips:     $289.00         ($170.00 x 1.70 hours)
    - Hu:           $275.40         ($170.00 x 1.62 hours)
    - Daley:        $1,234.20       ($170.00 x 7.26 hours)
- Law Clerk Blaz:   $688.75         ($125.00 x 5.51 hours)
- Other Law Clerks: $3,929.00       ($100.00 x 39.29 hours)

Total Defendant Liability:   $6,416.35

### 2. To Whom Payment Should be Made

The EAJA provides in pertinent part that the court must award fees "to a prevailing party," 28 U.S.C. § 2412(d)(1)(A). The United States Supreme Court has held that the EAJA's "plain text . . . awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, ⎯⎯ U.S. ⎯⎯, 130 S.Ct. 2521, 2527, 177 L.Ed.2d 91 (2010). Nevertheless, while such an award is to be made "to the litigant," "courts have held that if there is an assignment of EAJA fees, and if there is no pre-existing debt to the Government, then fees should be paid directly to the attorney." *Greer v. Comm'r of Soc. Sec.*, No. 11-10330, 2013 WL 1212882, *2 (E.D. Mich. Feb. 28, 2013) (Whalen, M.J.) (citations omitted). And where the Commissioner has made no determination of such a preexisting debt at the time of Plaintiff's petition for fees, "common practice" in the Sixth Circuit is for courts to "recommend that the Commissioner be given the opportunity to determine whether there is a pre-existing debt that would offset the EAJA fees." *Id.* (citations omitted).

Plaintiff asserts that the fees in this matter should be paid directly to Plaintiff's attorney. (Docket no. 31 at 4.) Defendant asserts that payment should be made to Plaintiff; "[t]hen, if the Commissioner can verify that Plaintiff owes no pre-existing debt . . . the Commissioner will direct that the award be made payable to Plaintiff's attorney." (Docket no. 28 at 4.) There is no real disagreement in this matter, but the Commissioner has not yet determined if Plaintiff owes a pre-existing debt. Therefore, the Court will follow common practice and recommend that the Commissioner be given such an opportunity.

### III. CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's Petition for attorneys fees under the Equal Access to Justice Act (docket no. 26) be GRANTED and that Plaintiff be awarded $6,416.35 in fees and costs.

The undersigned further recommends that the Court order the Commissioner to determine, within 14 days of a final order granting this motion, whether Plaintiff owes the Government a pre-existing debt. If no such debt is owed, payment of such fees should be made directly to Plaintiff's attorney. If Plaintiff does owe such a debt, the EAJA fees should be offset by the amount of the debt, and the payment of any remaining fees should be made directly to Plaintiff's attorney.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 5, 2013         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 5, 2013         s/ Lisa C. Bartlett
                              Case Manager